# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

|  |  |  |
|---|---|---|
| MARKEL AMERICAN INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 3:09-CV-435-HEH |
| J. JEFFREY STAPLES, et al., | ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION
### (Granting Motions for Summary Judgment)

This is a declaratory judgment action seeking a judicial determination of coverage under two insurance policies. The case is before the Court on a Motion for Summary Judgment filed by Plaintiff Markel American Insurance Company ("Markel") and a Motion for Summary Judgment by Defendant/Cross-Claim Plaintiff/Counter-Claim Plaintiff United Services Automobile Association ("USAA"). The parties have filed memoranda supporting their respective positions, and the Court heard oral argument on January 14, 2010. For the reasons stated herein, both motions for summary judgment are granted.

### I.

This case concerns the scope of insurance coverage for events occurring on *Boundless*, a sailboat owned by Defendants J. Jeffrey Staples ("Staples") and Woodlawn Leasing, LLC ("Woodlawn"). Defendant Sheryl Kaye Netherland ("Netherland") filed a

lawsuit against Defendants Staples and Woodlawn in Goochland County Circuit Court for injuries sustained aboard *Boundless*, allegedly caused by Staples ("Netherland complaint"). In her Second Amended Complaint in Netherland's underlying suit, she alleges that Staples caused injury to her while the two were on board the vessel in St. George, Grenada. The incident occurred while Staples and Netherland were on a year-long cruise aboard *Boundless*. While docked in St. George, the Netherland complaint alleges a protracted physical struggle between Staples and Netherland in which Staples struck Netherland repeatedly, then bound and gagged her, causing extensive personal and emotional damages. The Netherland complaint seeks recovery of $10,000,000 from Staples and damages from Woodlawn under a theory of vicarious liability.

Although Netherland's claims against Staples and Woodlawn are not well-defined in the Goochland suit, it appears that she seeks recovery for miscellaneous claims of negligence; breach of seaworthiness and personal injury to a seaman under the Jones Act (46 U.S.C. § 30104); battery; false imprisonment; negligent threats; negligent false imprisonment; intentional infliction of emotional distress; and negligent infliction of emotional distress.

Staples and Woodlawn have a watercraft insurance policy issued by Plaintiff Markel, covering damages to and losses incurred on *Boundless*, subject to limitations. Both have filed claims against that policy. Markel's Second Amended Complaint seeks a declaratory judgment that it has no duty to defend or indemnify Staples or Woodlawn in

the underlying lawsuit. Plaintiff argues that Netherland's claims are not covered under the insurance policy because the acts leading to her injuries 1) do not "'arise from the ownership, custody, maintenance or use' of the vessel," 2) "do not qualify as 'occurrences' as defined in the policy," 3) were intentionally caused by the insured and excluded by the terms of the policy, 4) are illegal or dishonest, 5) involve breach of the seaworthiness and crew warranties, and 6) were not promptly brought to the attention of Markel as required in the policy.

Defendant United Services Automobile Association ("USAA") filed a Counterclaim against Markel and a Cross-Claim against Staples on August 25, 2009, both seeking declaratory judgment on coverage issues. Staples purchased a homeowner's insurance policy with personal liability coverage from USAA and has filed a claim against that policy. USAA is seeking declaratory judgment that it has no duty to defend or indemnify Staples or Markel in the underlying lawsuit. USAA argues it is not liable under the policy because the acts leading to Netherland's injuries 1) arose from the use and operation of a sailing vessel in excess of thirty-five feet, 2) "do not qualify as 'occurrences' as defined in the policy," 3) were intentionally caused by the insured and excluded by the terms of the policy, and 4) were not promptly brought to the attention of USAA as required in the policy.

Markel and USAA each ask for summary judgment declaring that they owe no duty to defend or indemnify Staples or Woodlawn in the underlying action.

3

## II.

The Court may grant either party's motion for summary judgment only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that [the moving party] is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion" and "demonstrat[ing] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986). A genuine issue of material fact exists under Rule 56 "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). When evaluating a motion under Rule 56, the Court must construe all "facts and inferences to be drawn from the facts . . . in the light most favorable to the non-moving party." *Miller v. Leathers*, 913 F.2d 1085, 1087 (4th Cir. 1990) (internal quotations omitted).

## III.

A district court has jurisdiction, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a), to determine the scope of insurance coverage concerning an ongoing dispute in state court. *See Penn-America Ins. Co. v. Coffey*, 368 F.3d 409, 412 (4th Cir. 2004). Though exercise of this authority is discretionary, a declaratory judgment is appropriate when it would "serve a useful purpose in clarifying and settling the legal

4

relations in issue, and . . . terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Aetna Cas. & Sur. Co. v. Quarles*, 92 F.2d 321, 325 (4th Cir. 1937). As stated in the Court's opinion on October 7, 2009, the actions for declaratory judgment presented here would serve such a purpose.

Applying Virginia's "Eight Corners Rule," this Court will "compare the four corners of the insurance policy against the four corners of the underlying complaint to determine if any allegations may potentially be covered by the policy." *CACI Intern., Inc. v. St. Paul Fire and Marine Ins. Co.*, 566 F.3d 150, 154 (4th Cir. 2009) (internal quotation omitted). The Court will determine whether "the complaint against the insured alleges facts and circumstances, some of which, if proved, would fall within the risk covered by the policy." *Penn-America Ins. Co.*, 368 F.3d at 413 (internal quotation omitted).

## IV.

### A. Intentional Acts Exclusion

The Court will begin its analysis with the first claim that Markel and USAA have in common. Markel and USAA both argue that the actions giving rise to the claims in the underlying Netherland complaint are excluded by the intentional act exclusions of the respective policies. The Markel policy includes the following exclusion from coverage:

> **2.7 Intentional Acts Exclusion.** *Occurrences* where loss, damage, bodily injury, or property damage is caused intentionally by or at the direction of *you* or any *Named Insured* or results from any intentional act by *you* or any *Named Insured* are *exclusions*.

Markel Policy at 4. The USAA policy includes a similar exclusion that the policy's

coverage for personal liability and medical payments to others

> do not apply to bodily injury or property damage:
> a.   caused by the intentional or purposeful acts of any insured, including conduct
>      that would reasonably be expected to result in bodily injury to any person or
>      property damage to any property.

USAA Policy at 12.

Passing over, for now, the meaning of "occurrence" as it is used in the Markel

policy (which the Court will address in Section IV.B, *infra*), the intentional act exclusions

in the two policies have the same meaning and effect. Neither policy provides insurance

coverage if any insured[1] intentionally causes the loss or damage for which coverage is

sought.

Markel and USAA both argue that injures to Netherland alleged in the underlying

Netherland complaint are all the result of intentional acts by Staples and are therefore

excluded from coverage under both policies. Pointing to the frequent use of the adverb

"negligently" to describe the acts at issue, Staples, Woodlawn, and Netherland respond

that the policies provide coverage because the Netherland complaint sets forth claims for

acts described as "negligent." They suggest that the use of such embellishing language is

sufficient to require the Court to treat the alleged acts as non-intentional. The Court finds

such logic to be transparent.

The Netherland complaint includes allegations of several torts (battery, false

---

[1]Because the Markel exclusion applies to "any Named Insured," interpretation and
application of this exclusion's language determines the coverage for both Staples and Woodlawn.

imprisonment, intentional infliction of emotional distress), each of which have an essential element of intentional action. *Montague v. Virginia*, 278 Va. 532, 541, 684 S.E.2d 583, 588-89 (2009) (battery); Virginia Model Jury Instructions–Civil No. 38.000 (2007) (false imprisonment); *Almy v. Grisham*, 273 Va. 68, 77, 639 S.E.2d 182, 186 (2007) (intentional infliction of emotional distress). Staples, Woodlawn, and Netherland do not argue that the policy provides coverage for these claims. These claims are clearly excluded from coverage by the policies' intentional acts exclusions. Staples, Woodlawn, and Netherland do argue, however, that the Netherland complaint's allegations of negligent threats, negligent false imprisonment, and negligent infliction of emotional distress bring this claim within the boundaries of policy coverage.

A number of courts have dealt with the question of whether a mere allegation of negligence is sufficient to overcome an intentional acts exclusion in an insurance policy. In *Nationwide Mutual Fire Insurance Co. v. Overstreet*, 568 F. Supp. 2d 638 (E.D. Va. 2008), a declaratory judgment action, the court addressed the duty to defend and indemnify in an underlying lawsuit alleging sexual molestation. The Overstreets, the owner of the home where the alleged molestation took place and the parents of the alleged assailants, requested coverage under their homeowners' policy. *Id.* at 640. The underlying complaint alleged assault and battery, intentional infliction of emotional distress, and gross negligence. *Id.* at 651. Despite the allegation of gross negligence, the court looked beyond the negligence label and instead closely examined the factual

allegations in the underlying lawsuit. The Court found that the alleged facts surrounding the sexual molestation claim could only be reasonably interpreted as intentional acts. "There [was] simply nothing in these factual allegations that might plausibly be constructed to mean that the injuries . . . were the result of an 'accident' or were not intended." *Id.* Although there was a negligence claim, Judge Ellis issued a declaratory judgment that the insurer had no duty to defend or indemnify the insured for the underlying suit because of the policy's intentional act exclusion. *Id.* at 652.

In *Gordon v. Hartford Fire Insurance Co.*, 105 F. App'x 476 (4th Cir. 2004), the Fourth Circuit considered a case under Maryland law with a similar intentional acts exclusion. One of the claims in the underlying complaint "mention[ed] the word 'negligence' in its title along with several intentional torts," alleging negligent failure to record payments and negligent reporting of information to credit agencies *Id.* at 483. The court looked at the "substance of the count" rather than to "vague references," and found that the complaint alleged intentional misconduct and that insurance coverage was excluded. *Id.* The Fourth Circuit found that negligence was "merely incidental" to the "clearly intended" acts, and affirmed the district court's finding that the policy did not cover the acts alleged in the underlying complaint.

These decisions are consistent with those of other circuits. *See, e.g., Allstate Ins. Co. v. Sheridan*, 82 F. App'x 777 (3d Cir. 2003) (finding that intentional acts exclusion applied to shooting incident despite additional claim of negligence); *Cole v. State Farm*

8

*Fire & Cas. Co.*, 25 F. App'x 791, 797 (10th Cir. 2002) ("conclusory allegations of negligence are inadequate to trigger the duty to defend given the crime committed by [the insured] which is the factual predicate of all [the underlying plaintiff's] claims"); *Allstate Ins. Co. v. Steele*, 74 F.3d 878, 881 (8th Cir. 1996) ("the harm 'resulted from' an intentional act, and [underlying plaintiff] cannot circumvent the policy's intentional conduct exclusion by suing the [underlying defendant] for negligent supervision").

Of the courts that have confronted this issue, the most persuasive authority leads to the conclusion that the mere presence of a negligence claim is insufficient to end-run an intentional acts exclusion. Instead, a reviewing court should examine the facts of the underlying complaint and the nature of the claim. The Netherland complaint alleges various causes of action, but they all stem from a singular series of intentional and illegal acts by Staples. The factual allegations in the Netherland complaint recount a malicious and unprovoked attack that can only be characterized as intentional and purposeful. Netherland's conclusory allegations of negligent threats, negligent false imprisonment,[2] and negligent infliction of emotional distress have no transformative effect. The Court finds that all claims in the Netherland complaint are excluded from insurance coverage under both the Markel and USAA policies based on the policies' intentional acts exclusions. Accordingly, Markel and USAA have no duty to defend or indemnify Staples or Woodlawn in the underlying lawsuit in Goochland County.

---

[2]The Court is unable to find any support for a claim of negligent threats or negligent false imprisonment under Virginia law.

## B. Occurrence

Markel and USAA also both argue that there is no duty to defend or indemnify Staples or Woodlawn in the underlying Netherland complaint because the events giving rise to the suit are not "occurrences" as defined in the policies.

Both the Markel and USAA policies provide coverage for bodily injuries caused by an "occurrence." The Markel policy defines "occurrence" as "any sudden and fortuitous accident which occurs during the Policy Period." Markel Policy at 2. The USAA policy defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in: a. bodily injury; or b. property damage." USAA Policy at 1. The two definitions are essentially the same–an occurrence is an accident. This definition is consistent with the Virginia Supreme Court's definition of an "occurrence." *See, e.g.,* *Utica Mut. Ins. Co. v. Travelers Indem. Co.*, 223 Va. 145, 147, 286 S.E.2d 225, 226 (1982) (finding that the terms accident and occurrence are synonymous and "refer to an incident that was unexpected from the viewpoint of the insured"). The Virginia Supreme Court has further clarified that "an intentional act is neither an 'occurrence' nor an 'accident' . . . ." *Id.*; *see also, Nat'l Fruit Prod. Co., Inc. v. Fireman's Fund Ins. Co.*, No. 98-1471, 1999 WL 270033, at *4 (4th Cir. May 4, 1999) ("Intentional acts are neither occurrences nor accidents . . . .").

Both Markel and USAA submit that the incidents that gave rise to the underlying

suit are not "occurrences" and thus the policies do not provide coverage to the insured. Staples, Woodlawn, and Netherland again argue that the negligence brand brings the allegations within the coverage of the policies. Just as a bald assertion of negligence does not circumvent application of an intentional acts exclusion, *see supra*, Netherland's use of such a label does not automatically create an "occurrence." Judge Ellis's opinion in *Overstreet*, mentioned *supra*, similarly found that mere use of the word negligence does not compel a court to find that a claim was based on an "occurrence." *Overstreet*, 568 F. Supp. 2d at 651-52. Simply attaching a negligence claim to a suit will not automatically bring an otherwise intentional act within the scope of coverage. *See id.* Coverage decisions turn on a careful review of all factual allegations, not simply the scrivener's characterizations.

Since "[i]ntentional acts are neither occurrences nor accidents . . . ." *Nat'l Fruit Prod. Co.,* 1999 WL 270033, at *4, the Court finds that the events giving rise to the Netherland complaint are not "occurrences" as defined in the respective policies. As a result, the lack of an "occurrence" provides an additional basis for a finding that there is no basis for coverage under the insurance policies for Staples or Woodlawn.

Finding that there is no possibility of coverage for the Netherland complaint, the Court need not address the additional arguments in the Markel and USAA motions for summary judgment.

## V.

In summary, viewing the facts in the light most favorable to the non-moving parties, the court finds that there is no genuine issue as to any material fact. All of the claims in the Netherland complaint are excluded from coverage under the Markel and USAA policies. Accordingly, the two motions for summary judgment will be granted. Neither Markel nor USAA has a duty to defend or indemnify Staples or Woodlawn in Netherland's Goochland County lawsuit.

An appropriate Order will accompany this Memorandum Opinion.

/s/

Henry E. Hudson
United States District Judge

Date: Jan. 28, 2010
Richmond, VA